IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                           Case No. 4:05cr53-SPM

**JAMES D. McEACHIN, JR.,**

       Defendant.

_____/

## O R D E R

Defendant is scheduled for a first appearance on the information in this case on February 3, 2006, at 10:00 a.m. Defendant, represented by counsel, has asked that Defendant be permitted to enter a guilty[1] plea and be sentenced *in absentia.* Doc. 8. The Government has responded. Doc. 9.

The charge is a Class A Misdemeanor because the maximum permissible punishment is one year in prison. Doc. 1, charging a violation of 21 U.S.C. § 844(a); 18 U.S.C. § 3559(a)(6). It is not a Petty Offense. 18 U.S.C. § 19. The waiver of venue provisions of Fed. R. Crim. P. 58(c) suggested by the Government do not apply.

---

[1] The motion refers to entry of a plea, but it is assumed that means a guilty plea.

This case is assigned to District Judge Mickle. I do not have authority to accept a guilty plea or to enter a sentence for a Class A Misdemeanor without the consent of the parties. 28 U.S.C. § 636(a)(5); Fed. R. Crim. P. 58(b)(3)(A). If there is consent, the consent must be in writing signed by each party. There is a form that is used for this written consent available from the Clerk. Defendant and the Government are entirely free not to consent and have the case heard by District Judge Mickle. However, until such a written consent form is filed, the only proceeding that I may hold is a first appearance as scheduled to take a not guilty plea and refer the case to Judge Mickle for the setting of a trial.

The waiver of the presence of the Defendant provided by Fed. R. Crim P. 43(b)(2) is available to Defendant. Also available is Fed. R. Crim. P. 20(a)(1) and (2), which provides that the case may be transferred to Defendant's district of residence for a guilty plea and sentencing if the Defendant seeks transfer in writing and the United States Attorneys of both districts approve of the transfer in writing.

Given the confusion that has arisen over the first appearance scheduled for February 3, 2006, it is **ORDERED** that:

1. The first appearance is rescheduled to **March 3, 2006**, at 10:00 a.m., before me in courtroom 2, United States District Court, 111 North Adams Street, Tallahassee, Florida.

2. The Clerk shall mail the form for consent to Magistrate Judge jurisdiction to Defendant.

3. On or before **February 13, 2006**, Defendant shall either sign the Magistrate Judge jurisdiction consent form and file it (and the Government shall also file written

consent), or if either party wishes the case to be referred to District Judge Mickle, on or before **February 13, 2006,** the party must so state in writing.

    4. If Defendant still wishes to enter a guilty plea and be sentenced *in absentia* pursuant to Fed. R. Crim. P. 43(b)(2), whether before me or District Judge Mickle, on or before **February 13, 2006**, Defendant shall file a renewed request *signed by Defendant under oath or under penalty of perjury* and by Defendant's attorney that acknowledges all of the following:

    A. Defendant understands that he is charged with intentionally and knowingly possessing cocaine, a Schedule II controlled substance on August 18, 2005, in the Northern District of Florida, in Wakulla County, Florida.

    B. Defendant understands that the maximum potential penalty for conviction of this offense is a sentence of one year in prison, a fine of $100,000, and a special monetary assessment of $25.

    C. Defendant understands that he has the right to remain silent and cannot be compelled to give evidence against himself.

    D. Defendant understands that he has the right to be represented by a lawyer, either by an attorney that he retains with his own money or property, or, if he cannot afford an attorney, by an attorney appointed to represent him by the court without charge or cost to him. Defendant understands that he has the right to be represented by his attorney at every stage in these proceedings.

    E. Defendant understands that he may enter a not guilty plea and have a trial, including a jury trial or a nonjury trial by a judge of this court.

F.  Defendant understands that he may appear in person for all proceedings and waives his right to be present for entry of a guilty plea and sentencing pursuant to Fed. R. Crim. P. 43(b)(2).

G.  Defendant expressly wishes to enter a guilty plea as to the charge in the information.  Defendant understands that a guilty plea admits the charge and a not guilty plea denies the charge and demands proof at a trial.

H.  Defendant understands that at a trial, the Government has the burden of proving beyond a reasonable doubt that on August 18, 2005, in the Northern District of Florida, in Wakulla County, Florida, Defendant intentionally and knowingly possessed cocaine, a Schedule II controlled substance.  Defendant understands that the law presumes that he is innocent until the Government proves that he is guilty.

I.  Defendant understands that at a trial, he may present evidence, obtain a subpoena from the court to have his witness come and testify, see, hear, and question witnesses, and may testify on his own behalf, if he chooses.

J.  Defendant understands that if his guilty plea is accepted, there will be no trial of any kind, and that his opportunity to present defenses will be waived, that is, given up.

K.  Defendant admits that the Government has evidence to prove the acts charged in the information.  Defendant admits that it is true that on August 18, 2005, in the Northern District of Florida, in Wakulla County, Florida, Defendant intentionally and knowingly possessed cocaine, a Schedule II controlled substance.  Defendant understands that to do something intentionally and knowingly is to do it consciously, and not by accident.  Defendant understands that to possess something means to hold or

control something, for example, by holding it in the hand, in a pocket in clothing, or placing it in a place (center console of a car, glove box, dresser, closet, on a table) or by entrusting it to another person so that the person possessing the thing can retrieve it when needed.

      L.  Defendant represents that he has had full advice of his attorney, has not been threatened or forced to plead guilty by anyone, and has not been promised anything by anyone to cause him to plead guilty.  Counsel represents that no promises have been made to Defendant.

      M.  Defendant acknowledges that sentencing is entirely within the discretion of the court, and that there are no agreements as to sentencing.

      N.  Defendant understands that if his plea of guilty is accepted, he will be convicted of the charge in the information, the conviction will be on his record as a criminal conviction, there will be no trial, and he will be sentenced.

      O.  Defendant understands that before a sentence is imposed, he has the right to personally address the court, but if he waives personal appearance, he will not be able to personally address the court.

5.  The Clerk shall return this file to me on **February 14, 2006**.  If any party does not consent to my jurisdiction, I will direct that Defendant's motion filed pursuant to Fed. R. Crim. P. 43(b)(2) be referred to Judge Mickle.

**DONE AND ORDERED** on January 31, 2006.

      s/   William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**